UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
STATE OF LOUISIANA

| | | |
|---|---|---|
| LOU ELLEN BERRY | * | CIVIL ACTION NO. _____ |
| | * | |
| VERSUS | * | JUDGE _____ |
| | * | |
| KIRBY INLAND MARINE, LP | * | MAGISTRATE JUDGE _____ |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Complainant, LOU ELLEN BERRY, a person of the full age of majority and a resident of Jennings, Jefferson Davis Parish, Louisiana, who, for her Complaint respectfully alleges as follows:

I.

This cause of action arises pursuant to Admiralty and General Maritime Law, 28 U.S.C.A. §1333, et seq., and Jones Act, 46 U.S.C.A. §30104.

II.

Made Defendant herein is:

a) KIRBY INLAND MARINE, LP, a foreign partnership authorized to do and doing business within the State of Louisiana, and within the Western District of Louisiana, and who lists its principal business office as 55 Waugh Drive, Suite 1000, Houston, TX, 77007, and who may be served through its registered agent for service of process, Stephen Jewell, 143 East Main Street, Suite #3, New Roads, LA, 70760; and

III.

Defendant, KIRBY INLAND MARINE, LP, ("KIRBY"), is liable unto Complainant in the full and true sum in an amount as is reasonable under the premises, plus all legal interest and the costs of these proceedings from the date of judicial demand for the following reasons.

1

IV.

Upon information and belief, on or about July 8, 2021, Complainant, LOU ELLEN BERRY, was employed as a tankerman by Defendant, KIRBY, and was assigned to work aboard the vessel, *M/V REGGIE LEBOEUF,* which was owned by and operated by Defendant, KIRBY.

V.

Upon information and belief, the *M/V REGGIE LEBOEUF,* was working in association with tank and barge transportation in the Houston Ship Channel in Houston, TX, as part of its ongoing mission on the navigable water bodies of the United States.

VI.

It is undisputed that the *M/V REGGIE LEBOEUF,* is a traditional maritime vessel, as it was performing operations on the navigable water bodies of the United States and was engaged in a transportation function over water.

VII.

Upon information and belief, on the date of accident, the *M/V REGGIE LEBOEUF* was working in the Houston Ship Channel and was engaged in the making and breaking of tows consisting of chemical barges.

VIII.

In order to assist with the loading and unloading operations, lines from the vessels to the dock and from the barges to the dock were required to be paid out or taken in by the use of winches aboard the *M/V REGGIE LEBOEUF* and its tow.

IX.

Upon information and belief, the winch used to reel in a one to two (1" - 2") inch cotton tie lines necessary for the work being performed was rusted, dilapidated, and in a dangerous condition.

X.

Upon information and belief, your Complainant, LOU ELLEN BERRY, and two (2) other crew members, including the captain, were engaged attempting to reel in the cotton line in an attempt to secure the boat to the barges.

XI.

Upon information and belief, the condition of the winch required the three (3) individuals, including LOU ELLEN BERRY, to all three (3) tow on the rope while one person was engaged attempting to use the winch to reel in the line. During this operation, the rope had been dragging in the water, creating a heavy and waterlogged rope, and requiring three (3) persons to attempt to move.

XII.

Upon information and belief, during the process to reel in the cotton line, the captain aboard the *M/V REGGIE LEBOEUF* lost control of his line, as the crew member placed closest to the water. When he dropped his line, the line suddenly, unexpectedly, and with great force, fell over the edge of the barge, and violently jerked your Complainant, LOU ELLEN BERRY's, shoulder.

XIII.

Upon information and belief, as a result of the captain losing control of the line, the weight of the line, Ms. Berry's left shoulder, neck, and body as a whole were violently jerked, dislocated, and required multiple surgeries to repair.

XIV.

Upon information and belief, the accident in question occurred as a result of the combined and/or individual negligence of the crew aboard the *M/V REGGIE LEBOEUF,* and/or the unseaworthy conditions existing onboard the *M/V REGGIE LEBOEUF*.

XV.

Complainant, LOU ELLEN BERRY, asserts that she injured her shoulder and body as a whole, as well as suffering economic and emotional trauma due to the combined or individual negligence of the *M/V REGGIE LEBOEUF's* crew, owners, and/or the employees, agents, operators, and/or consultants working by or on behalf of Defendant, KIRBY.

XVI.

Complainant, LOU ELLEN BERRY, has suffered serious, permanent, and disabling injuries as a result of the negligence and/or fault of the Defendant, KIRBY, and its employees, which accident and injuries occurred through no fault of the plaintiff.

XVII.

Complainant, LOU ELLEN BERRY, specifically alleges she was injured through the negligence and/or fault on the part of Defendant, KIRBY, their principals, agents, crew, servants, and employees, and/or those for whom they are deemed responsible for at the time of accident in the following non-exclusive manners:

　　a)　　Failing to provide Complainant with a reasonably safe place to work.

　　b)　　Failing to provide a seaworthy vessel (defective winch/reel).

　　c)　　Allowing a dangerous condition to exist in the workplace.

　　d)　　Failing to provide a properly functioning winch to assist in mooring operations.

　　e)　　Negligence of the crew in failing to control the line allowing the operation to injure Complainant.

 f)  Failing to provide a sufficient crew to complete or manage the task at hand.

 g)  Failing to exercise reasonable care for the safety of Complainant during ongoing operations.

 h)  Failing to do what they should have done or see what they should have seen under the circumstances in order to avoid the accident.

 i)  Any and all other acts of negligence and/or fault, which may be proven at the trial of this matter.

XVIII.

Defendant, KIRBY, as the owner and operator of the *M/V REGGIE LEBOEUF,* is liable unto Complainant insofar as it failed to provide Complainant with a safe place to work pursuant to Admiralty and General Maritime Law and/or breached the Doctrine of Seaworthiness by failing to provide a sufficient vessel, appurtenance, and/or crew to perform operations ongoing at the time of injury.

XIX.

As a result of the accident at issue, Complainant, LOU ELLEN BERRY, has sustained serious, permanent, and crippling injuries, which have caused her to incur the following damages:

 a)  Past medical expenses

 b)  Future medical expenses

 c)  Past lost wages

 d)  Future loss of earning capacity

 e)  Past and future physical pain and suffering

 f)  Past and future mental and emotional anguish

 g)  Past and future loss of enjoyment of life

 h)  Loss of found

 i)  Permanent disability

j) Loss of fringe benefits

k) Any and all other acts of damages which may be proven at the trial of this matter.

XX.

Complainant, LOU ELLEN BERRY, asserts her right to a bench trial pursuant to Federal Rule of Civil Procedure 9(h) as her claims are found in admiralty and under the general maritime law.

WHEREFORE, Complainant, LOU ELLEN BERRY, prays for judgment in her favor over and against Defendant, KIRBY INLANE MARINE, LP, for monetary damages, both general and special, in the full and true sum in amounts that are reasonable under the premises, to be proven at the trial of this matter, plus costs of these proceedings, together with legal interest from the date of judicial demand and for any and all equitable or just relief as the law and equity may allow.

Respectfully submitted:

WELBORN & HARGETT, LLC

BY: /s/ Jason M. Welborn
JASON M. WELBORN (#26548)
JACOB H. HARGETT (#32490)
1540 W. Pinhook Road
Lafayette, LA 70503
Telephone: (337) 234-5533
Facsimile: (337) 769-3173
Attorneys for Complainant,
LOU ELLEN BERRY

**SERVICE INFORMATION:**

KIRBY INLAND MARINE, LP
Through its Registered Agent for Service of Process,
Stephen Jewell
143 East Main Street, Suite #3
New Roads, LA 70760